IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DENNIS HIGGINS                                                                                              PLAINTIFF

v.                                            Case No. 4:23-cv-04108

VINITA EXPRESS INC.; GSC
TRANSHOLDING LLC; CRT EXPRESS
INC.; CRST MALONE, INC.; STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; JOHN
DOES (1, 2, 3, etc.)                                                                                     DEFENDANTS

# ORDER

Before the Court is Plaintiff's Motion to Dismiss Separate Defendant CRST Malone, Inc. ECF No. 33. The Court finds the matter ripe for consideration.

On June 27, 2024, Plaintiff filed the instant Motion. *Id*. "[P]ursuant to Rule 41(a) of the Federal Rules of Civil Procedure," Plaintiff "moves to dismiss the Separate Defendant, CRST Malone, Inc." *Id*. No party has responded to the motion and the time to do so has passed. *See* Local Rule 7.2. "[A]n action may be dismissed at the plaintiff's request only by court order." Fed. R. Civ. P. 41(a)(2).[1]

Upon consideration, the Court finds that Plaintiff's Motion to Dismiss Separate Defendant CRST Malone, Inc., (ECF No. 33) should be and hereby is **GRANTED**. All claims against Defendant CRST Malone, Inc., are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of July, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Federal Rule of Civil Procedure (a)(2) further provides as follows: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Defendant CRST Malone, Inc., has not pleaded a counterclaim. *See* ECF No. 12.