IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DENNIS HIGGINS                                                                                          PLAINTIFF

v.                                              Case No. 4:23-cv-04108

VINITA EXPRESS INC.; GSC
TRANSHOLDING LLC; CRT
EXPRESS INC.; STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY; and
JOHN DOES (1, 2, 3, etc.)                                                                            DEFENDANTS

**ORDER**

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Dennis Higgins ("Plaintiff"). (ECF No. 30). Defendant State Farm Mutual Automobile Insurance Company ("Separate Defendant") has responded. (ECF No. 40). Plaintiff replied. (ECF No. 44). The Court finds the matter ripe for consideration.

**I.  BACKGROUND**

From what the Court can ascertain from the record, it appears that on October 23, 2020, Plaintiff was asleep in his semi-trailer truck while parked at a gas station for the night in Texarkana, Arkansas. (ECF No. 42, at 2; ECF No. 40-3, at 7). Plaintiff was later jostled awake when a white Volvo semi-trailer truck ("white Volvo") backed into Plaintiff's semi-trailer truck. (ECF No. 42, at 2; ECF No. 42, at 9-10). Plaintiff then exited his vehicle and briefly talked to the driver of the white Volvo. (ECF No. 40-3, at 10). After a short conversation, the driver returned to the white Volvo, and Plaintiff approached the cabin in an attempt to get the driver's contact information. (ECF No. 40-3, at 19). Plaintiff grabbed a handle on the white Volvo's door frame to "lean on" it. (ECF No. 40-3, at 19). At this point, the driver "took off" and fled the scene without providing

any contact information to Plaintiff.  (ECF No. 40-3, at 19).

Plaintiff's "Statement of No Genuine Issues of Material Fact in Support" are as follows: (1) "On October 23, 2020, [Plaintiff] was insured by an automobile insurance policy with [Separate Defendant], carrying uninsured motorist coverage"; (2) "On that same date, October 23, 2020, the aforesaid insurance policy was in force and effect"; (3) "On the same date, October 23, 2020, [Plaintiff's] vehicle was struck by another vehicle, which he believed to be a white Volvo"; (4) "The alleged white Volvo left the scene"; (5) "the alleged white Volvo was never found by law enforcement"; (6) "The owner of the alleged white Volvo remains unknown"; and (7) "The driver of the alleged white Volvo remains unknown."[1]  (ECF No. 32, at 1-2).

On October 17, 2023, Plaintiff filed his Complaint in the Circuit Court of Miller County, Arkansas alleging a claim of negligence against Defendants Vinita Express Inc., CRT Express Inc., and John Does (1, 2, 3, etc). and a claim for breach of contract against Separate Defendant.  On November 13, 2023, Separate Defendant filed a Notice of Removal to the Western District of Arkansas on the basis of diversity jurisdiction.  (ECF No. 2).  On June 18, 2024, Plaintiff filed the instant motion requesting that the Court determine as a matter of law that the driver of the white Volvo is unknown, that the owner of the white Volvo is unknown, and that the white Volvo is a "phantom vehicle" for the purposes of Plaintiff's Uninsured Motorist Coverage with Separate Defendant.[2]  (ECF No. 30, at 2-3).

---

[1]The Court notes that Plaintiff's "Statement of No Genuine Issues of Material Fact" contains no citation to the record in support of his "undisputed facts" as required by Federal Rule of Civil Procedure 56(e).  Further, the Court notes that Separate Defendant disputes or partially disputes every "undisputed fact" provided by Plaintiff and cites to the record in support.  (ECF No. 41).

[2]The Court also notes that Plaintiff only requests that the Court make specific legal determinations and does not ask the Court to rule on his breach of contract claim against Separate Defendant.

2

## II. STANDARD OF REVIEW

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id*. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving part's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007).

### III.  DISCUSSION

In the instant motion Plaintiff requests that the Court rule as a matter of law: (1) that the driver of the white Volvo is unknown and cannot be reasonably identified; (2) that the owner of the alleged white Volvo is unknown and cannot be reasonably identified; and (3) that the white Volvo is a "phantom vehicle" for the purposes of Plaintiff's claim for Uninsured Motorist Coverage from Separate Defendant.

Plaintiff's Uninsured Motorist Coverage with Separate Defendant states that in order for a policy holder to recover compensatory damages for bodily injury, the owner or driver of the adverse vehicle could not reasonably have been identified, remains unknown, and caused bodily injury to the insured.  (ECF No. 40-1, at 44; ECF No. 30-1, at 2).  Plaintiff's policy also contains a choice of law provision stating that Florida state law applies when there is any disagreement as to the interpretation and application of any provision in the policy.  (ECF No. 40-1, at 65).

Federal district courts sitting in diversity, like the Court in this case, must apply the forum state's substantive law, including its conflict-of-law rules.  *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007).  The Court will "look to the choice-of-law principles of the forum state [in this case Arkansas] and then apply the same law to the case as the forum state would."  *Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 707 (8th Cir. 2002) (citation omitted).  The Supreme Court of Arkansas has generally held "that choice-of-forum clauses in contracts are binding, unless it can be shown that the enforcement of the clause would be unreasonable and unfair."  *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 603, 210 S.W.3d 101, 106 (2005) (citation omitted).  There has been no claim that the relevant choice of law clause is unreasonable or unfair, thus the Court will apply Florida law when analyzing Plaintiff's policy because there is an effective choice of law clause in contact.

Under Florida law "Courts construe insurance contracts according to their plain language." *Gov't Emps. Ins. Co. v. Macedo*, 228 So. 3d 1111, 1113 (Fla. 2017) (citing *Fayad v. Clarendon Nat. Ins. Co.*, 899 So. 2d 1082, 1086 (Fla. 2005)). However, "any ambiguity which remains after reading each policy as a whole and endeavoring to give every provision its full meaning and operative effect must be liberally construed in favor of coverage and strictly against the insurer." *Id*. (quoting *Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943, 949-50 (Fla. 2013)). "A provision is ambiguous if it is 'susceptible to two reasonable interpretations, one providing coverage and the other excluding coverage.'" *Id*. (citation omitted). "The ambiguity must be genuine, and the lack of a definition for an operative term 'does not, by itself, create an ambiguity.'" *Id*. (quoting Botee v. S. Fid. Ins. Co., 162 So. 3d 183, 186 (Fla. Dist. Ct. App. 2015)). "When a term in an insurance policy is undefined, it should be given its plain and ordinary meaning, and courts may look to legal and non-legal dictionary definitions to determine such a meaning." *Id*.

Plaintiff argues that the identity of the white Volvo's driver and owner has not and cannot be reasonably identified and thus his uninsured motor insurance should provide coverage. (ECF No. 31, at 3). Plaintiff cites to Arkansas case law stating that when the "language of the policy is unambiguous, courts should give effect to the plain language of the policy." (ECF No. 31, at 3). Further, Plaintiff states that "[i]f the language is ambiguous, the policy should be liberally construed in favor of the insured and strictly against the insurer." (ECF No. 31, at 3).

Separate Defendant contends that there are multiple issues of material fact in dispute. (ECF No. 40, at 1). Separate Defendant argues that Plaintiff's own testimony establishes that the driver and owner of the white Volvo are not unknown. (ECF No. 40, at 2). Separate Defendant then

opines that Florida law is controlling over the instant motion, not Arkansas law. (ECF No. 40, at 2).

In reply, Plaintiff argues that if the driver of the vehicle had remained, he would have been identified by law enforcement. (ECF No. 44, at 1). Plaintiff presents a document purporting to show that the tractor unit of the white Volvo was in a shop the same day of the accident. (ECF No. 44, at 2). Plaintiff states that his testimony purporting that "Vinita Express" was written on the side of the white Volvo was uncertain and that he only "believed" he saw the name Vinita Express. (ECF No. 44, at 2). Plaintiff then makes miscellaneous arguments attempting to support his position that the owner of the white Volvo is unknown and cannot reasonably be identified. (ECF No. 44, at 3-5). Plaintiff states in a footnote that under both Arkansas and Florida law, insurance policies are interpreted in favor of coverage. (ECF No. 44, at 5).

Plaintiff is asking the Court to make certain legal determinations based on facts. However, these facts are in dispute because Separate Defendant has disputed nearly every fact that Plaintiff has put forward. Plaintiff's own testimony establishes that he was in contact with the driver of the white Volvo for a short amount of time and could roughly describe his appearance. (ECF No. 40-3, at 14-18). Though he did not get the name or number of the driver before he left, Plaintiff was still in contact with the driver. Further, Plaintiff believes that a decal located on the side of the white Volvo said Vinita Express. When asked if he had reason to believe that the white Volvo had a Vinita Express decal on it, he answered, "Yes. I had a reason to believe it was." (ECF No. 40-3, at 24). When asked if he knew it was a Vinita Express decal, Plaintiff replied, "Well, yes." (ECF No. 40-3, at 24). Plaintiff then found and called a number listed as Vinita Express to ask if it had a truck in the area. (ECF No. 40-3, at 26). Plaintiff also attempts to differentiate between an owner and the "motor carrier" language Separate Defendant uses. However, it appears to the

Court that even if Vinita Express was not the owner of the white Volvo, it would be able to easily identify who owned the white Volvo. Accordingly, when viewing the record in the light most favorable to the nonmoving party, the Court finds that Plaintiff has failed to show material facts are not in dispute.

## IV. CONCLUSION

For the above-stated reasons, the Court finds that Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge